# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHANNA HILL, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| BRAZILIAN WAX SMYRNA LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Johanna Hill, by and through undersigned counsel, and files this Complaint for Damages against Defendant Brazilian Wax Smyrna LLC ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Christopher Guilmet, 5111 Greythorne Ln., Marietta, Georgia 30068.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on June 21, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA").

8.

Plaintiff has suffered from disabilities, of which Defendant had actual knowledge. In particular, Plaintiff suffered from abnormal uterine bleeding/fibroids, which required surgery.

9.

Plaintiff began working for Defendant on November 1, 2021, as an esthetician.

10.

On November 3, 2020, Plaintiff's doctor determined that Plaintiff required surgery for her disabilities.

11.

On December 17, 2020, Plaintiff's doctor provided Plaintiff with a note stating that Plaintiff could work a maximum of 20 hours per week until her upcoming surgery, scheduled for January 5, 2021.

12.

The next day, December 18, 2020, Plaintiff provided this doctor's note to her manager, Misia.

13.

Misia told Plaintiff that Defendant would not accept the doctor's note and that Plaintiff had to continue to work full-time, despite her physician's recommendation.

14.

Plaintiff also sent a copy of the doctor's note to Defendant's Owner, Andrea, via WhatsApp. Andrea did not respond to Plaintiff's message.

15.

Plaintiff continued to work full-time throughout the rest of her employment with Defendant.

16.

Plaintiff's surgery was rescheduled twice due to the COVID-19 pandemic. Plaintiff advised Misia of the delays via text message but received no response.

17.

In approximately late December, Plaintiff came to work late on two separate occassions due to her disabilities. Both times, Plaintiff advised Misia that she would be arriving late due to her disabilities.

18.

On December 23, 2020, Defendant asked Plaintiff to come in to the office to sign papers explaining her tardies. Plaintiff was told that she may be replaced immediately.

19.

On January 2, 2021, Plaintiff was again asked to sign papers regarding her days off, and she was told that if she did not sign the papers, the days off would be regarded as job abandonment.

20.

On January 19, 2021, Defendant terminated Plaintiff's employment.

21.

Any reason given for Plaintiff termination is pretext for unlawful discrimination, based on Plaintiff's disabilities or perceived disabilities, and/or retaliation for Plaintiff engaging in protected activity under the ADA and FMLA.

22.

At all times relevant to this action, Plaintiff suffered from disabilities, as that term has been defined by the ADA, of which the employer had knowledge.

23.

Defendant availed herself of FMLA protected rights by seeking time off to which she was entitled. Defendant retaliated against Plaintiff for her protected activity by terminating her employment.

24.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In doing so, Defendant violated the FMLA

25.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

26.

Plaintiff sought a reasonable accommodation under the ADA, specifically to be permitted to work 20 hours a week until her surgery and to be excused a small number of late arrivals due to her disabilities as she awaited surgery.

27.

Plaintiff was able to perform the essential job functions of the job for which she was hired.

28.

Defendant terminated Plaintiff because of her disabilities or perceived disabilities and/or request for a reasonable accommodation.

29.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities or perceived disabilities.

30.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
### **(ADA DISCRIMINATION)**

31.

Plaintiff repeats and re-alleges paragraphs 7-30 as if set forth fully herein.

32.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

33.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

34.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

35.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

36.

Plaintiff's disabilities or perceived disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

37.

At all times relevant, Plaintiff could perform the essential functions of her position.

38.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

39.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

40.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

41.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

42.

Plaintiff is entitled to compensatory and punitive damages.

## COUNT II:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (RETALIATION)

43.

Plaintiff repeats and re-alleges paragraphs 7-30 as if set forth fully herein.

44.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including requesting an accommodation for disabilities.

45.

Plaintiff engaged in protected activity by notifying the Defendant of her disabilities and seeking an accommodation.

46.

Defendant subjected Plaintiff to adverse employment action by terminating her employment because she sought/needed an accommodation.

47.

There is a causal connection between Plaintiff's request for a reasonable accommodation and Defendant's decision to terminate her employment as a result.

48.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

49.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

50.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

51.

Plaintiff is entitled to compensatory and punitive damages.

## **COUNTS III & IV**

## **(FMLA INTERFERENCE AND RETALIATION)**

52.

Plaintiff repeats and re-alleges paragraphs 7-30 as if set forth fully herein.

53.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

54.

Plaintiff was an eligible employee under the FMLA.

55.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

56.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

57.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

58.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     General damages on Plaintiff's ADA claims for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages on Plaintiff's ADA claims based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d)     Liquidated damages on Plaintiff's FMLA claims;

(e)     Reasonable attorney's fees and expenses of litigation;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)     All other relief to which she may be entitled.

This 9th day of July, 2021.

**BARRETT & FARAHANY**
*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Joanna Hill*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com